Filed 12/30/24  P. v. Barrera CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B331986 |
| Plaintiff and Respondent, | Los Angeles County Super. Ct. No. NA049453 |
| v. | |
| EDWARD BARRERA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Richard M. Goul, Judge.  Reversed and remanded.

Elizabeth K. Horowitz, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Stephanie A. Miyoshi, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

Almost twenty-three years ago, Edward Barrera received a sentence of 38 years to life for a residential burglary. Barrera's sentence included three one-year prison prior terms, which are no longer valid, and which entitled Barrera to a full resentencing. (See Pen. Code, § 1172.75, subds. (a), (c), (d)(2).) The resentencing court held a hearing but did not apply new sentencing laws to Barrera's benefit, as required. We therefore remand the matter for resentencing. Statutory references are to the Penal Code.

I

In 2001, a jury convicted Barrera of one count of first degree residential burglary. As our opinion from Barrera's direct appeal described it, the crime involved no actual violence: the evidence showed Barrera entered the victims' house one night through an open kitchen window and left with a purse. Police found him walking down a nearby street shortly thereafter with the purse. While one of the victims heard a noise that night, neither victim encountered Barrera. (See *People v. Barrera* (Dec. 13, 2002, B157102) [nonpub. opn.] (*Barrera*).)

The trial court held a bench trial on Barrera's prior convictions. It found two of them amounted to serious felonies and strikes under the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12), and also found Barrera had served three prior prison terms. (*Barrera, supra*, B157102.) The court sentenced Barrera as a third strike offender to 25 years to life on the burglary count, plus the three one-year prison priors under section 667.5, subdivision (b), and two five-year serious felony priors under section 667, subdivision (a)(1).

In 2023, a new court recognized Barrera might be entitled to resentencing under section 1172.75. Barrera filed a petition to

recall his sentence under this provision.  He sought to have his strikes and enhancements dismissed and supplied many documents bolstering his claim he merited a reduced prison term under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*) and section 1385.  Barrera explained he had served 22 years for residential burglary and had secured a spot in two long-term, live-in rehabilitation programs should he be released.  He underscored his rehabilitation efforts in prison, his positive behavior there, and his extensive family support that would facilitate his reentry into society.

The prosecution opposed Barrera's request to dismiss his strikes but wrote it was open to revisiting the issue after a longer period of sobriety and good behavior in custody.  The prosecution's filing did not address Barrera's five-year enhancements.  It highlighted his lengthy criminal history, his drug problem, and his rule violations in prison but acknowledged his risk assessment score was "the lowest score possible for a lifer," he had maintained this score for five years, and he had no rule violations in the last three years.

The resentencing court permitted counsel to argue at the hearing—to an extent, as we discuss further below.  The court largely kept Barrera's sentence intact, resentencing Barrera to 35 years to life.  The court issued its ruling at the hearing as follows, with our italics:

"The court has read this and has considered it, and is fully aware of all the discretion this court has under 1385 as well as the sentencing scheme that's been incorporated originally back when the defendant was sentenced and in the years since.

"Nunc pro tunc the court does strike the three one-year priors per Penal Code 667.5(a).

"The court in evaluating the rest of the sentence is going to look at California Rules of Court 4.421 [Rule 4.421]. *The crime involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness.*

"The defendant entered a home where people slept at night, so that is also factor three. The victim was -- in this case victims were particularly vulnerable.

"Factors related to the defendant include the defendant has engaged in violent conduct that indicates a serious danger to society both in his strike, Penal Code 211 prior to this, and his other criminal conduct. And he served a prior prison term of prison or county jail under 1170(h).

"The court does consider his conduct in prison since this including all the incidents. The fact that he's apparently been five years clean is to his credit.

"But a number of other things were done. Alcohol was found in his cell. Another fight. In 2000 he was heard referring to another inmate as a faggot. He tested positive on multiple occasions.

"*The court cannot guarantee that this man would be safe if released into society.* The court believes the sentence imposed by Judge Romero, subtracting out the three one-year priors, is necessary to protect the safety of the public. *The court concludes and exercises its discretion that the defendant is a danger to society.*

". . . He was given multiple opportunities and multiple chances to reform. He refused to. He continued to commit violent acts. And the only time in his life when he has not

4

committed violent acts is the time that he's been in prison since the sentence in this case.

"For this reason the court exercises its discretion and leaves unchanged Judge Romero's sentence with the exception of striking the three one-year priors.  The court reduces his sentence to 35 years to life."

## II

In reaching this result, the resentencing court misapplied new sentencing laws, mischaracterized Barrera's 2001 burglary offense, and thereby abused its discretion.  (See *People v. Gonzalez* (2024) 103 Cal.App.5th 215, 225 & 231 (*Gonzalez*) [abuse of discretion standard governs motions to dismiss enhancements]; *People v. Carmony* (2004) 33 Cal.4th 367, 371 [same standard governs motions to strike prior convictions].)  Resentencing is required because the record does not provide a "clear indication" of the result absent these missteps.  (See *Gonzalez*, *supra*, 103 Cal.App.5th at p. 231.)

As part of Barrera's resentencing, the court had to apply the Judicial Council sentencing rules and "any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing."  (§ 1172.75, subd. (d)(2).)

One of the new laws in place was amended section 1385.  Senate Bill No. 81 (2021-2022 Reg. Sess.) amended this statute to require courts deciding whether to strike enhancements to consider a list of mitigating circumstances.  These circumstances heavily favor dismissal, "unless the court finds that dismissal of the enhancement would endanger public safety."  (§ 1385, subd. (c)(2); see also *People v. Walker* (2024) 16 Cal.5th 1024, 1030–1031.)  Endangering public safety means "there is a likelihood

5

that the dismissal of the enhancement would result in physical injury or other serious danger to others."  (§ 1385, subd. (c)(2).)

The court grounded its ruling maintaining Barrera's enhancements (and strikes) on Barrera's continued dangerousness.  The court concluded, with our emphasis, "the defendant *is* a danger to society" and it could not "guarantee that this man would be safe if released into society."  There are several problems with these conclusions.

Under the statute, a defendant must be dangerous to others, not to himself, and *guaranteed* safety is not the standard. (§ 1385, subd. (c)(2).)

Moreover, timing matters, and the court's focus on Barrera's current dangerousness was too narrow.  The court had to assess the effect of dismissing one or both five-year enhancements, Barrera's remaining indeterminate life term, and future parole review.  (See *Gonzalez*, *supra*, 103 Cal.App.5th at pp. 220, 228–231 [in assessing whether dismissing an enhancement would endanger public safety under section 1385, subdivision (c)(2), a court prejudicially abuses its discretion by considering only whether the defendant currently poses a danger and not the date the defendant could be released with the enhancement gone and the fact that release would be subject to a review by the Board of Parole Hearings, "who will have the opportunity to assess the defendant's dangerousness at that time" and whose "future review will act as a safety valve against a release that would endanger the public"].)  *Gonzalez* shows the court applied an incorrect legal standard when assessing the threat Barrera posed to public safety.

The prosecution incorrectly maintains Barrera forfeited his challenge to this ruling.  Barrera's motion outlined changes in the

6

law that rendered his sentence unlawful, unjust, and excessive; it discussed amended section 1385 and how it encourages courts to dismiss enhancements; it listed five mitigating circumstances applicable to Barrera; and it raised striking one or both of his five-year serious felony priors.

As for the hearing, the court opened by remarking that the prosecution was asking for a longer period of time and that essentially just a *Romero* motion was before it at this point; both points were incorrect. Defense counsel clarified the point of the hearing, and the court said it would permit argument but warned it did not have a lot of time that morning. Counsel raised section 1385 and tried to expand on the motion, but the court interjected: "The court read your motion. I need you to finish up the argument." Counsel returned to section 1385 and discussed two of the mitigating circumstances that warranted dismissing Barrera's two enhancements (the enhancements were over five years old and the crime was connected to childhood trauma). (See § 1385, subd. (c)(2)(E) & (H).) The court then ruled without explicitly addressing this argument, thanked the parties, and immediately concluded the hearing.

Barrera sufficiently preserved this issue for review.

The errors in this sentencing proceeding extend beyond the application of section 1385, subdivision (c). For example, the resentencing court misunderstood Barrera's 2001 offense, which tainted the court's notion of Barrera's dangerousness. (See *People v. Cluff* (2001) 87 Cal.App.4th 991, 998 ["A trial court abuses its discretion when the factual findings critical to its decision find no support in the evidence"].)

After striking the prison priors, the court turned to the rest of Barrera's sentence. The court's first comment was Barrera's

7

burglary "involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness." On appeal, the prosecution seems to recognize this was not the case by arguing there was a *potential* threat of harm and the *potential* for serious violence. But Rule 4.421(a) does not refer to potential threats or potential harm. Barrera did not have a weapon and never encountered his victims during the crime. (See *People v. Avila* (2020) 57 Cal.App.5th 1134, 1142 ["Ruling on a *Romero* motion requires consideration of the nature and circumstance of the crime actually committed, not a crime that might have occurred"].)

Remand is necessary for the court to reassess Barrera's eligibility to have one or both five-year enhancements dismissed under section 1385 and to have one or more strike convictions dismissed under *Romero.* On resentencing, the court must go beyond the aggravating factors listed in Rule 4.421 to consider relevant mitigating factors, including the materials attached to Barrera's motion showing nearly two straight decades of nonviolence in custody. (See § 1172.75, subd. (d)(3); § 1385, subd. (c); Cal. Rules of Court, rule 4.423.)

Regarding Barrera's strikes, the court must consider the longstanding factors guiding *Romero* motions. (See *People v. Williams* (1998) 17 Cal.4th 148, 161 ["in ruling whether to strike or vacate a prior serious and/or violent felony conviction allegation or finding under the Three Strikes law, . . . the court in question must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part"].)

8

Finally, Barrera devotes a considerable part of his opening brief to an argument he did not develop in detail below—that Senate Bill No. 81 applies to strike sentencing. (See *People v. Serrano* (2024) 100 Cal.App.5th 1324, 1338 & fn. 4; *People v. Dain* (2024) 99 Cal.App.5th 399, 404, 410–411, review granted May 29, 2024, S284924; *People v. Olay* (2023) 98 Cal.App.5th 60, 62, 67–69; *People v. Tilley* (2023) 92 Cal.App.5th 772, 776, fn. 2; *People v. Burke* (2023) 89 Cal.App.5th 237, 243–244.) We do not reach this argument because we are remanding the matter for resentencing and the resentencing court should address the issue in the first instance.

## DISPOSITION

We vacate Barrera's sentence and remand for resentencing consistent with this opinion. We express no opinion as to how or in what respect the court should resentence Barrera.

WILEY, J.

We concur:

STRATTON, P. J.

GRIMES, J.

9